## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ENERGY MARITIME, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-3559 |
| | § | |
| GEORGE HANCOCK, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Pending before the court is George Hancock's and Hillcroft Medical Clinic Association's ("Hancock") first amended motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, in the alternative, pursuant to Rule 12(b)(6).  Dkt. 14.  Upon consideration of the motion, the response, and the applicable law, Hancock's motion is GRANTED.

### I. BACKGROUND

This is a suit for contribution and indemnity, brought in this court under claims of maritime and federal question jurisdiction.  In 2002, Energy Maritime, LLC ("Energy Maritime") sent employee Charles LaRose to Hancock for treatment of a back injury allegedly sustained in the course of employment.  According to Energy Maritime's first amended complaint, LaRose alleged in a 2005 suit that his injuries were not timely diagnosed and treated due to the allegedly negligent medical treatment administered by Hancock, and that Energy Maritime was vicariously liable for this

negligence as LaRose's Jones Act employer.[1]  Energy Maritime chose to settle LaRose's Jones Act claims, and now seeks to recover from Hancock the sums it paid pursuant to the settlement.[2]

## II. ANALYSIS

Hancock moves for dismissal pursuant to Rule 12(b)(1) for lack of jurisdiction over the subject matter, which Energy Maritime bases on admiralty jurisdiction and federal question jurisdiction.  In the alternative, Hancock seeks dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**1.      Motion to Dismiss Pursuant to Rule 12(b)(1).**

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction.  "Federal courts are courts of limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress."  *Johnson v. United States*, 460 F.3d 616, 621 (5th Cir. 2006).  Thus, under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim.  *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

**A.      Admiralty Jurisdiction**

In its first amended complaint, Energy Maritime asserts federal subject matter jurisdiction pursuant to the court's Constitutional and statutory admiralty jurisdiction.

*1.      Standard of Review*

Federal district courts have original jurisdiction over  "[a]ny civil case of admiralty or

---

[1] Energy Maritime asserts in its response to Hancock's first amended motion to dismiss that it was not sued by LaRose under a vicarious liability theory.  For the purposes of this order, the court will take the facts in the complaint as true.

[2] Hancock was designated a responsible third party in LaRose's suit, but chose not to participate in the settlement negotiations between LaRose and Energy Maritime.

maritime jurisdiction." 28 U.S.C. § 1333(1). This is not to say, however, that this court has subject matter jurisdiction over any case touching upon the sphere of maritime activity. "It is settled that a party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity." *Strong v. B.P. Exploration & Prod., Inc.*, 440 F.3d 665, 669 (5th Cir. 2006). To satisfy the location test, a party must show that the tort occurred on navigable water, or that an injury suffered on land was caused by a vessel on navigable water. *Id.* To satisfy the connection test, a party must show that the incident has "a potentially disruptive impact on maritime commerce," and that "'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'" *Id.* (*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534, 115 S.Ct. 1043 (1995)). "The key inquiry [under the connection test] is whether the allegedly tortious activity is so closely related to activity traditionally subject to admiralty law that the reasons for applying special admiralty rules would apply in the suit at hand." *Grubart*, 513 U.S. at 539-40.

2.    *Analysis*

Energy Maritime alleges in its first amended complaint that LaRose was injured aboard the oceangoing tanker M/V HOUSTON. LaRose's injury occurred on navigable water, but Energy Maritime's claim stems from LaRose's medical treatment on land. The Fifth Circuit has declined to expand admiralty jurisdiction to medical malpractice cases, due to the available state and common law remedies, and the "scant involvement of maritime locations". *Miller v. Griffin-Alexander Drilling Co.*, 873 F.2d 809, 812 (5th Cir. 1989); *accord Rollin v. Kimberly Clark Tissue Co.*, 211 F.R.D. 670 (S.D.Ala., 2001) ("[w]here medical treatment occurs exclusively on land, and the results of that treatment have no effect on navigable water, the location test goes completely unsatisfied.") Therefore, the location test must fail.

3

Even if Energy Maritime could pass the location test, its claim would still fail the connection test.  In its response, Energy Maritime addresses neither the disruptive impact the injury could have on maritime commerce nor the existence of a  substantial relationship between the character of the activity giving rise to the injury and traditional maritime activity.  As another court has explained, "[m]edical malpractice, viewed in the aggregate, could well affect a sufficient number of seamen to create a real risk to commercial shipping.  So, too, could the service of tainted food by a wharfside pub affect maritime activity.  But such everyday risks encountered on land are more adequately addressed by state law and the maritime industry's 'regular procedures for replacing absent seamen...designed to insure that an absentee seaman will have no impact on maritime shipping.'" *Rollin*, 211 F.R.D. at 674 (*quoting Harrison v. Glendel Drilling Co.*, 679 F.Supp. 1413, 1420 (W.D.La. 1988)).  The court agrees, and therefore finds no potentially disruptive impact on maritime commerce such that admiralty jurisdiction would be appropriate.

Finally, the Supreme Court has held that "as long as one of the putative tortfeasors was engaged in traditional maritime activity, the allegedly wrongful activity will 'involve' such traditional maritime activity and will meet the second nexus prong." *Grubart*, 513 U.S. at 541; *Scarborough v. Clemco Indus.*, 391 F.3d 660, 665 (5th Cir. 2004).  Medical treatment administered on land, regardless of the profession of the patient, is not classified as a traditional maritime activity. *Rollin*, 211 F.R.D. at 674.  Energy Maritime's claim does not meet either prong of the connection test for maritime jurisdiction; nor does it meet the location test.  Therefore, the court finds that Energy Maritime has not established admiralty jurisdiction based upon the facts as pled in its first amended complaint.

**B.     Federal Question Jurisdiction**

As an alternative to admiralty jurisdiction, Energy Maritime asserts federal subject matter jurisdiction pursuant to the court's federal question jurisdiction.

*1.     Standard of Review*

The district courts have original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal court has jurisdiction "only if a federal question appears on the face of the plaintiff's well-pleaded complaint." *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008). A federal question that arises only in a defense, even an inevitable one, does not provide a basis for federal question jurisdiction. *Id.*

*2.     Analysis*

An examination of the face of Energy Maritime's first amended complaint does not reveal any federal question. Energy Maritime brings a cause of action for negligence, which does not alone confer federal jurisdiction. In its motion for leave to amend its complaint, Energy Maritime stated that it would amend to include the question of "whether state or federal law regarding limitations period applies to a claim for contribution and indemnity arising directly out of the federally-imposed duties and liabilities that arise from the relationship between a seaman and his employer." Dkt. 6; Dkt. 14. The first amended complaint, however, does not include a claim based on federal limitations, nor as explained below could it contain such a claim. Instead, it merely states conclusorily that there *is* a federal question.

Taking his cue from Energy Maritime's motion for leave to amend, Hancock addresses federal and state law regarding limitations at great length. Both parties argue their interpretation of the question vigorously. However, the court cannot consider the merits of these arguments, because the limitations issue does not appear on the face of Energy Maritime's first amended complaint. Even if the limitations argument was included in the complaint, it would still not confer federal question jurisdiction. The statute of limitations is a defense and cannot provide a basis for federal question jurisdiction. *Merrell Dow Pharm. v. Thompson*, 468 U.S. 804, 808, 106 S.Ct. 3229 (1986). Therefore, the court finds that Energy Maritime has not established federal question jurisdiction

based on the face of its well-pleaded complaint; neither has it established admiralty jurisdiction.

Accordingly, Hancock's motion to dismiss is GRANTED.

**2.      Motion to Dismiss Pursuant to Rule 12(b)(6).**

Because the court finds no subject matter jurisdiction for this claim, it does not address

Hancock's argument that Energy Maritime's complaint should be dismissed for failure to state a

claim.

### III. CONCLUSION

Pending before the court is Hancock's motion to dismiss.  For the foregoing reasons, the

motion is GRANTED.  Energy Maritime's complaint is DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on July 14, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY